COPY

COOLEY LLP
SETH A. RAFKIN (199166) (srafkin@cooley.com)
JENNIFER M. BOGUE (259431) (jbogue@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Plaintiff
ReadyLink Healthcare, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| READYLINK HEALTHCARE, INC., a Nevada Corporation, on behalf of itself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE COMPENSATION INSURANCE FUND OF CALIFORNIA and DAVE JONES, Insurance Commissioner, in his official capacity,<br><br>Defendants. | Case No. CV11-09934 PSG (PJWx)<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ReadyLink Healthcare, Inc. alleges as follows:

### THE PARTIES

1. Plaintiff ReadyLink Healthcare, Inc. ("ReadyLink") is a healthcare staffing agency providing temporary nursing personnel. Hospitals and other acute care facilities contract with ReadyLink to provide nurses to fill shifts on a temporary basis. Nurses can register with ReadyLink and as such they will be notified of available shifts. Nurses registered with ReadyLink are free to decide whether or not to work an available shift. ReadyLink is incorporated under the

laws of the State of Nevada and maintains its principal place of business in Thousand Palms, California.

2. Defendant State Compensation Insurance Fund is a non-profit entity created by the California Legislature to provide workers' compensation insurance in California.

3. Defendant Dave Jones is the elected Insurance Commissioner for the State of California. The Commissioner is the head of the California Department of Insurance and is named herein in his official capacity.

## JURISDICTION

4. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it presents a federal question. The Court also has jurisdiction pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue in this District is proper because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

6. This case arises out of the relationship between ReadyLink and Defendant State Compensation Insurance Fund ("SCIF"). As noted, SCIF is a non-profit entity created by the California Legislature to provide workers' compensation insurance in California. Due to high costs and uncertainty associated with workers' compensation insurance in California, for several years, many private insurers withdrew from the California market, i.e., they stopped issuing workers' compensation insurance policies. Thus, for a time, SCIF was effectively the only game in town. It was during this period (2000-2006) that ReadyLink bought workers' compensation coverage from SCIF.

### SCIF's Annual Reviews

7. Determining premiums under SCIF insurance policies is a complicated affair. One piece that factors into premium determination is the amount of wages

paid to the insured's employees. That is not surprising. One of the benefits that may be awarded through the workers' compensation is monetary payments to cover (at least partially) wage loss due to injury. Under its insurance policies with ReadyLink, SCIF had the right at the end of a policy year to review ReadyLink's actual wages paid during that policy year and to make premium adjustments if the actual wages paid differed materially from the wages projected to be paid at the outset of the policy year.

8. SCIF conducted these end of year reviews each year from 2000-2005. During each of these reviews, SCIF audited the wages *and* the *per diem* amounts paid to ReadyLink nurses. In accordance with IRS regulations, ReadyLink's *per diem* payments to nurses were excluded from wages for federal tax purposes. This was made known to SCIF every year during its relationship with ReadyLink. Not once between 2000 and 2005 did SCIF include the *per diem* amounts as part of "wages" for purposes of premium determinations – either at the beginning of a policy year or after conducting an end of year review.

**ReadyLink Decides To Switch To Another Insurer**

9. In or around 2006, SCIF learned that ReadyLink was preparing to switch to another insurer. ReadyLink had determined that it could get a better deal on workers' compensation insurance as private insurers had stepped back into the California workers' compensation market.

**SCIF Changes Course, Includes *Per Diem* Payments And Assesses ReadyLink For More Than $500,000 In Additional Premiums For A Single Policy Year**

10. SCIF used its end of year review for the September 2005 through September 2006 (the "2005 Policy Year") to perform an about-face on *per diem* payments in an effort to extract additional premiums from ReadyLink. Despite a six-year practice and custom of excluding *per diem* payments from wages for purposes of premium determination, SCIF decided that it would *include* the *per*

*diem* payments for the 2005 Policy Year. As a result SCIF assessed an additional premium against ReadyLink in the amount of $555,327.53.

11. SCIF's about-face on *per diem* payments stands in contrast to years of its own past practice and, as noted below, federal law. Just as they were not included as wages for tax purposes, the *per diem* payments were not included in wage replacement benefits paid out in connection with workers' compensation claims. In other words, when SCIF had to provide wage replacement benefits under its policy, it did so based on the nurse's wage rate, which *excluded per diem* payments for that year.

12. In creating SCIF, the Legislature mandated that it operate as a non-profit organization. Specifically, its premiums are supposed to be designed to ensure that it can cover reasonably anticipated costs – no less, but no more. By changing its mind and suddenly deciding to include *per diem* payments, SCIF sought a total premium for the 2006 policy year of $800,106. It paid out a total of a mere $5,729 under the policy.

13. On information and belief, SCIF has engaged in this same practice of including non-payroll personnel expenses (*per diem* and other) in order to extract higher premiums from other employers.

**The State Insurance Commissioner Interprets State Regulations Contrary To Federal Law**

14. ReadyLink challenged SCIF's attempt to generate a 99% profit from its 2006 policy. ReadyLink filed a request with the California Department of Insurance to have SCIF's premium hike reviewed. By order dated September 30, 2009, the Defendant Insurance Commissioner adopted the proposed interpretation of the administrative law judge hearing the matter (the "Commissioner's Decision"). ReadyLink sought a writ of administrative mandamus from the Los Angeles Superior Court, requesting that the Commissioner's Decision confirming SCIF's 2006 audit and assessment of $555,327.53 in additional premiums be set

aside. The writ was denied on April 14, 2011 and Readylink is currently appealing the denial of the writ.

15. Following its adoption, the Commissioner's Decision was designated as a Precedential Decision. According to the Department of Insurance, the Commissioner's Precedential Decisions embody "policies and holdings [that] can be relied upon by parties to current cases, cited in their briefs and also relied upon by the Administrative Law Judge in making a proposed decision." (www.insurance.ca.gov/0250-insurers/0500-legal-info/0600-decision-ruling/.)

16. The Commissioner's Decision sanctions SCIF's practice and policy of including *per diem* payments in determining workers' compensation premiums unless the following elements are met:

   a. "the employee worked at a location other than their permanently assigned work place." Commissioner's Decision at 30.
   b. "employees must demonstrate that they assumed duplicate living expenses while engaging in business travel." *Id.* at 30.
   c. "employer must provide records proving that each employee receiving per diem reimbursement worked at a location that required the employee to incur additional living expenses." *Id.* at 31.
   d. "an employer's records must demonstrate the employee incurred additional duplicate living expenses and that such expenses were mitigated by per diem reimbursement." *Id.* at 31.

17. "Absent such a showing, the per diem payments will constitute payroll under the reporting requirements." *Id.* at 31. The Commissioner's Decision is preempted by Internal Revenue Service Regulations and rules and procedures established thereunder by the IRS Commissioner, including but not limited to, 26 CFR §§ 1.274-5, 1.62-2 and IRS Revenue Procedure 2000-39 (the "IRS Regulations"). The IRS Regulations deal extensively with whether *per diem* payments constitute wages and prescribe safe harbors under which *per diem*

payments shall *not* be deemed wages. At a minimum, the Commissioner's Decision undermines and creates a substantial obstacle to the accomplishment of the objectives of the IRS Regulations.

18. The IRS Regulations recognize the burdensome nature of record keeping with respect to *per diem* payments for enterprises with substantial numbers of employees regularly deployed to various locations. Accordingly, the IRS Regulations provide safe harbors. For example, if an employer limits its *per diem* payments to the rates set forth in the federal CONUS *per diem* tables, then the employer is relieved of the record keeping burdens. ("CONUS" tables are published by the U.S. General Services Administration and provide schedules of *per diem* rates based on geographic location within the Continental United States.)

19. The IRS Regulations specifically relieve employers complying with the safe harbor provisions from substantiating that expenses were actually incurred and the specific amounts thereof. The Commissioner's Decision, however, operates to render this IRS safe harbor unavailable to California employers. In order to avoid having *per diem* payments treated as wages for purposes of computing workers' compensation insurance premiums, employers must acquiesce and keep precisely the sort of detailed documentation the IRS Regulations are intended to do away with.

20. At all times material hereto, Plaintiff complied with the IRS Regulations. In fact, the IRS: (1) reviewed Plaintiff's *per diem* practices for a substantial portion of the 2005 Policy Year; (2) concluded the practice complied with IRS Regulations; and (3) excluded *per diem* from wages.

## CLASS ACTION ALLEGATIONS

21. Plaintiff seeks to have a class certified on its First and Fourth Claims for Relief as set forth below (Declaratory Relief and Unfair Competition) pursuant to Federal Rule of Civil Procedure 23(b)(1), (b)(2) and/or (b)(3).

22. The class to be certified is defined as follows: all employers that, at any time within the four years preceding the date this complaint is filed through the present, paid to or were assessed SCIF workers' compensation insurance premiums that were determined by utilizing *per diem* payments to employees as wages.

23. Members of the class can be ascertained from, among other things, records maintained by SCIF.

24. Members of the class are sufficiently numerous such that joinder of additional plaintiffs is not feasible. On information and belief, Plaintiff alleges that there are at least hundreds of class members.

25. Plaintiff's claims for relief are typical of the class it seeks to represent in that all class members have been subjected to the same treatment by Defendants that forms the basis for Plaintiff's claims for relief.

26. There are questions of fact and law that are common to Plaintiff and the class it seeks to represent. These questions will predominate substantially over any individualized issues. The common questions of fact and law include, but are not limited to:

27. Whether Defendants' policy of utilizing *per diem* payments as wages for purposes of determining workers' compensation insurance premiums is preempted by the IRS Regulations;

28. Whether Defendants' policy of utilizing *per diem* payments as wages for purposes of determining workers' compensation insurance premiums undermines and creates a substantial obstacle to the accomplishment of the objectives set forth in the IRS Regulations;

29. Whether Defendants' policy of utilizing *per diem* payments as wages for purposes of determining workers' compensation insurance premiums requires class members to engage in the very sort of burdensome record keeping the safe harbors under IRS Regulations are designed to do away with;

30. Whether SCIF's practice of utilizing *per diem* payments as wages for purposes of determining workers' compensation insurance premiums constitutes an unfair business practice under California Business & Professions Code § 17200, et seq.;

31. Whether Defendants' policy of utilizing *per diem* payments as wages for purposes of determining workers' compensation insurance premiums has resulted in the unjust enrichment of SCIF;

32. Whether the wage-related portion of workers' compensation benefits paid by SCIF under policies held by class members were determined by including or excluding *per diem* payments.

33. Plaintiff is an adequate representative of the class it seeks to certify. Plaintiff has no conflict with the class members and their interests are aligned with respect to the claims asserted.

34. Plaintiff's counsel has substantial experience in class action litigation and can adequately discharge its duties as class counsel.

35. Proceeding as a class action is superior to other methods of adjudication. Proceeding as a class will guard against inconsistent adjudications. It will also result in judicial economy as the issues will not have to be re-litigated in a multiplicity of suits. The parties and class members likewise will enjoy conservation of resources.

### FIRST CLAIM FOR RELIEF: DECLARATORY RELIEF
### (AGAINST ALL DEFENDANTS)

36. Plaintiff incorporates by reference paragraphs 1 through 35 as though set forth in full.

37. An actual controversy now exists in that Defendants' conduct as alleged herein is contrary to and not permitted by federal law. Defendants have and continue to propound monetary assessments against Plaintiff and class members

pursuant to the practice and policy set forth above that is not permitted by federal law.

38. Plaintiff seeks a declaration or decree that Defendants' practice and policy set forth above is not permitted by federal law and may not continue.

39. Defendants' conduct and practice also entitles Plaintiff and class members to injunctive relief, namely, that SCIF should be enjoined from assessing additional premiums on the basis of including *per diem* as wages.

## SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT
## (AGAINST SCIF)

40. Plaintiff incorporates by reference paragraphs 1 through 39 as though set forth in full.

41. Plaintiff entered into a contract for insurance with SCIF. The insurance contract and applicable law required SCIF to include payments to Plaintiff's employees for purposes of assessing insurance premiums only to the extent such payments were wages.

42. SCIF breached the contract by including *per diem* payments as wages for purposes of assessing additional premiums against Plaintiff.

43. Plaintiff has performed all of its obligations under the contract except to the extent that the same are excused by SCIF's breach.

44. Plaintiff has been damaged by SCIF's breach in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF: BREACH OF IMPLIED COVENANT
## OF GOOD FAITH & FAIR DEALING
## (AGAINST SCIF)

45. Plaintiff incorporates by reference paragraphs 1 through 44 as though set forth in full.

46. There is in every contract an implied covenant of good faith and fair dealing. The covenant prohibits a party to a contract from acting in a manner designed to deprive the other party of the benefit of the contract.

47. SCIF breached the covenant by including *per diem* as wages for purposes of assessing additional premiums against Plaintiff.

48. Plaintiff has performed all of its obligations under the contract except to the extent that the same are excused by SCIF's breach.

49. Plaintiff has been damaged by SCIF's breach in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF: UNFAIR COMPETITION
### (AGAINST SCIF)

50. Plaintiff incorporates by reference paragraphs 1 through 49 as though set forth in full.

51. SCIF's conduct as set forth in detail above constitutes an unfair business practice. Specifically, its practice of including *per diem* as wages for purposes of assessing additional premiums against Plaintiff is unlawful, fraudulent and/or unfair.

52. SCIF should be disgorged of the profits it has reaped as a result of its unfair practice and the excess premiums should be restored to Plaintiff and the class members.

53. Further, SCIF should be enjoined from assessing additional premiums on the basis of including *per diem* as wages.

///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an order certifying the class as set forth above;
2. For a declaration or decree that Defendants' practice and policy set forth above is not permitted by federal law and may not continue;
3. For a preliminary and permanent injunction prohibiting Defendants from continuing their practice and policy set forth above;
4. For an award of monetary damages in favor of Plaintiff and against Defendant SCIF in an amount to be proven at trial;
5. For disgorgement of profits from Defendant SCIF;
6. For restitution of premiums wrongfully assessed by Defendant SCIF against Plaintiff and class members; and
7. For such other relief as this Court deems fair and proper.

Dated: November 30, 2011

COOLEY LLP
SETH A. RAFKIN

*/s/ Seth R./*

Seth A. Rafkin
Attorneys for Plaintiff
ReadyLink Healthcare, Inc.

725683 v2/SD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

**CV11- 9934 PSG (PJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

SETH A. RAFKIN (199166)
JENNIFER M. BOGUE (259431)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Tel: (858) 550-6000
Fax: (858) 550-6420
Attorneys for READYLINK HEALTHCARE, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| READYLINK HEALTHCARE, INC., a Nevada Corporation, on behalf of itself and others similarly situated, <br><br> PLAINTIFF(S) <br><br> v. <br><br> STATE COMPENSATION INSURANCE FUND OF CALIFORNIA and DAVE JONES, INSURANCE COMMISSIONER, in his official capacity, <br> DEFENDANT(S). | CASE NUMBER <br><br> CV11-09934 PSG (PJWx) <br><br> SUMMONS |
|---|---|

TO: DEFENDANT(S): <u>State Compensation Insurance Fund of California and Dave Jones, Insurance Commissioner</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Seth Rafkin</u>, whose address is <u>4401 Eastgate Mall San Diego, CA 92121</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: NOV 30 2011

Clerk, U.S. District Court

By: _____
JULIE PRADO
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)          SUMMONS          American LegalNet, Inc. www.USCourtForms.com

**COPY**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| READLYLINK HEALTHCARE, INC. | STATE COMPENSATION INSURANCE FUND OF CALIFORNIA and DAVE JONES, INSURANCE COMMISSIONER |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| SETH A. RAFKIN (199166)   Tel: (858) 550-6000<br>JENNIFER M. BOGUE (259431)<br>COOLEY LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** In excess of $500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
26 CFR §§ 1.274-5, 1.62-2 and IRS Revenue Procedure 2000-39; federal law pre-empts state agency decision

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☒ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

CV11-09934

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    American LegalNet, Inc.   www.FormsWorkflow.com   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | Nevada |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Francisco; Sacramento |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Seth R._ Date November 30, 2011
SETH A. RAFKIN

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |